Louis H. Maxfield and another *vs.* J. N. Edwards, Garnishee, and Rollin R. Johnson, Intervenor.

June 15, 1888.

**Insolvency — What Constitutes — Garnishment.**—Where judgment had been recovered against insolvent debtors, and the judgment creditor had thereafter caused money belonging to such debtors to be attached in the hands of a third person, by process of garnishment, *held*, that the failure of the debtors to take any proceedings to set aside or "vacate the garnishment," or secure a release therefrom, or to make any assignment, within 10 days after the levy, was an omission which, under the provisions of Laws 1881, *c.* 148, § 2, authorized their creditors, immediately upon such default, to institute the insolvency proceedings therein provided for.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Brill,* J., presiding, overruling their demurrers to the answer of the garnishee and to the complaint of Rollin R. Johnson, intervenor.

In their supplemental complaint against the garnishee, the plaintiffs allege the recovery of a judgment by them against the defendants Wilkins & Buxton, on May 14, 1887; that a garnishee summons was served on J. N. Edwards, the garnishee, on August 3, 1887, requiring him to appear and make disclosure on October 15th; that such summons and the notice to defendants to appear was served on defendants August 3d; that the garnishee appeared as required by the summons, and thereafter made disclosure of the moneys in his hands, the proceeds of a void assignment made to him by the defendants in October, 1886.

The garnishee's answer admitted the averments of the supplemental complaint, and alleged that the defendants did not appear on the return of the garnishee summons October 15, 1887, nor did they then or ever defend against it, or make any assignment for their creditors, (except the void assignment in 1886,) though they knew themselves to be insolvent, and knew that the garnishee proceedings, unless defended, would give plaintiffs an unlawful preference over their other creditors. The answer further alleges that on No-

vember 20, 1886, Kellogg, Johnson & Co. recovered judgment against Wilkins & Buxton; that on October 24, 1887, an execution on such judgment was levied on the same moneys attached by plaintiffs' garnishment; and that more than 20 days elapsed after the levy during which Wilkins & Buxton took no steps to procure its release, and made no assignment as provided in the insolvent law, although they knew that they were thus giving the judgment creditors an unlawful preference. The answer further alleges that, after Wilkins & Buxton's failure for ten days after the return of the garnishee summons, and for ten days after the execution levy, to make an assignment, insolvency proceedings were instituted by their creditors, the petition for a receiver being made November 9, 1887, to the district court for Swift county, upon which petition that court, on November 23, 1887, declared Wilkins & Buxton to be insolvent debtors, and appointed, as receiver of their property, (including the moneys in the garnishee's hands,) Rollin R. Johnson, who qualified the same day, and who, as such receiver, took possession of the property of the insolvents, including the money in the garnishee's hands; "and that the said garnishee turned over said money under and in pursuance of the order of said court, and under and pursuant to the order appointing the said Johnson receiver of said property."

The receiver, Johnson, in his complaint in intervention, alleged the same matters stated in the answer of the garnishee, and prayed to be adjudged entitled, as receiver, to the money in dispute.

*Rogers, Hadley & Selmes,* for appellants.

*Foland & McCune* and *Davis, Kellogg & Severance,* for respondents.

VANDERBURGH, J. On the 3d day of August, 1887, the plaintiffs, who had previously obtained judgment against the defendants, Wilkins & Buxton, in the district court of Ramsey county, caused process of garnishment to be served upon Edwards, garnishee, and on the same day served the summons and the notice in such cases required upon the defendants, judgment debtors and alleged insolvents. Edwards at that time held in his hands a large sum of money belonging to them, being the proceeds of their property. The garnishee summons was made returnable on the 15th day of October, 1887, at which time the garnishee appeared and made disclosure, but the defendants

did not appear. On the 9th day of November following, other creditors petitioned for and obtained the appointment of a receiver, under section 2 of the insolvent act of 1881. Upon that application there were other and subsequent acts of insolvency charged, in addition to suffering their property to be attached under the garnishee process.

The insolvent can only avoid the appointment of a receiver, on the application of his creditors, by the exercise of due diligence to prevent particular creditors from obtaining a preference. Under the insolvent law, (Laws 1881, *c.* 148, § 2,) he must not "omit to do any act which he might lawfully do to prevent any one of his creditors from obtaining preference over his other creditors." Then follows a specification of certain acts or omissions, viz.: "Or if he shall not, within ten days after any levy by attachment, execution, or garnishment made against him, make an assignment of all his property, * * * or within such time, in good faith, institute proceedings to vacate the attachment and execution, or garnishment, or secure a release of such levy, and defend against the said garnishment at the first opportunity." The dispute in this case is whether the 60 days allowed creditors to apply for the appointment of a receiver on account of the alleged garnishment began to run at the expiration of 10 days thereafter, or upon the return-day of the garnishee summons, when the debtor was entitled to appear, and take part in the examination; and the question involved depends upon the interpretation of the words, "and defend against the said garnishment."

The general purpose of the statute is clear enough, though not expressed in concise and apt language, and the words last quoted do not qualify or detract from the force and effect of the preceding specific provisions, and are, perhaps, used in the same general sense as the clause first above quoted, as intended to require the prompt resort to any lawful proceeding necessary to defeat the garnishee proceedings. But, whatever may have been the purpose of the legislature in the use of this language, it obviously has no application to the facts of this case. It is safe to say that the failure of the defendants, who are admitted to have been insolvent, to take any proceedings which they might lawfully take, within 10 days after the

garnishment, for the purpose of securing a release of the levy, was an omission which, under the provisions of the statute, authorized the creditors to institute the insolvency proceedings. It cannot be that when property has thus been levied on, after judgment has been rendered in the principal action, the proceedings are to be held in abeyance, merely to give the defendant an opportunity to appear at the return-day of the garnishee summons. The statute, (Gen. St. 1878, c. 66, § 198,) as amended, (Laws 1881, c. 55,) provides that "when property, money, or effects has been garnished," at any time, whether before or after judgment, the defendant may secure a release of the same, by executing the bond as therein provided. Unless the garnishment could have been "vacated," or the defendants had paid the judgment, there was no other means which they could have resorted to in this case to defeat the levy and protect the property, "or defend against the garnishment," except by giving the bond as provided in the statute last referred to. And therefore, under these circumstances, it was clearly the duty of the defendants, if they desired to avoid insolvency proceedings, to have proceeded promptly, and at least within 10 days after the garnishment, to procure a vacation or release of the levy. Upon their failure to do so, their creditors might immediately file their petition. The 60 days had therefore run when the petition in this case was filed, and the court could not take cognizance of the garnishment in question as a ground for its order appointing a receiver, nor was it subject to or vacated by the insolvency proceedings.

Order reversed.